STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

June 8, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHNNY KENNEDY,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0276** (BOR Appeal No. 2050788)
                        (Claim No. 2012036325)

**MAXWELL & KEYSER, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Johnny Kennedy, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

The issue on appeal is the appropriate amount of a permanent partial disability award to be granted to Mr. Kennedy as a result of the compensable injury in this claim. This appeal originated from the April 10, 2014, claims administrator's decision granting a 6% permanent partial disability award. In its September 1, 2015, Order, the Workers' Compensation Office of Judges reversed the decision and granted a 10% permanent partial disability award. The Board of Review's Final Order dated February 22, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Kennedy, a plumber, sustained an injury to his neck, shoulder, and upper back while working underneath a sink on May 7, 2012. Upon trying to remove a nut, it suddenly gave way, causing Mr. Kennedy to jerk. He felt immediate pain in his left arm and pain in his neck and back the next morning. On June 1, 2012, the claims administrator held the claim compensable for

1

neck, upper back, and left shoulder sprains/strains. Mr. Kennedy underwent three independent medical evaluations to determine his permanent partial disability.

On March 4, 2014, Paul Bachwitt, M.D., performed an independent medical evaluation of Mr. Kennedy. Dr. Bachwitt detailed Mr. Kennedy's medical history which included a 2012 MRI revealing a C3-4 disc protrusion and a left paracentral protrusion at C5-6 with foraminal stenosis. At a previous exam, Dr. Bachwitt had diagnosed Mr. Kennedy with a cervical strain/sprain superimposed on pre-existing degenerative changes and a left shoulder sprain. Dr. Bachwitt examined Mr. Kennedy and found him to be at maximum medical improvement. Upon examination, there was no clinical finding of a disc lesion. Dr. Bachwitt believed there was a causal relationship between the cervical and shoulder sprains/strains and the May 7, 2012, compensable injury. However, no further treatment was necessary. In an addendum written on March 19, 2014, Dr. Bachwitt recommended 4% impairment for the cervical spine and 6% impairment for motion restriction for a total of 10% whole person impairment. Dr. Bachwitt apportioned half of that to pre-existing degenerative changes. For the left shoulder, Dr. Bachwitt found 6% impairment for the upper extremity. He apportioned 5% to pre-existing conditions. Dr. Bachwitt's total combined recommendation was 6% whole person impairment. The claims administrator granted a 6% permanent partial disability award based on Dr. Bachwitt's report.

On January 15, 2015, Mr. Kennedy underwent an independent medical evaluation by Bruce Guberman, M.D. Dr. Guberman determined Mr. Kennedy had reached maximum medical improvement. He assigned Mr. Kennedy 13% whole person impairment for the cervical spine and 4% for the left shoulder. His total recommendation was 18% whole person impairment. Finally, Mr. Kennedy underwent an independent medical evaluation by Prasadarao Mukkamala, M.D., on May 5, 2015. Dr. Mukkamala found 8% impairment for the cervical spine and 2% for the left shoulder. He recommended a total of 10% whole person impairment. Dr. Mukkamala noted that Dr. Guberman's report was flawed because he rated Mr. Kennedy based on a neurological deficit when there was no objective evidence of record to support such a diagnosis.

On September 1, 2015, the Office of Judges issued an Order reversing the claims administrator's decision. The Office of Judges found that there was essentially no difference between the findings of Dr. Bachwitt and Dr. Mukkamala except that Dr. Bachwitt apportioned for pre-existing conditions. The Office of Judges determined that the issue would be resolved in favor of Mr. Kennedy pursuant to West Virginia Code §23-4-1g (2005). The Office of Judges found that Dr. Guberman's report was less reliable because no other objective evidence was submitted to support a finding of cervical spine radiculopathy. This cast doubt on his report and the Office of Judges ultimately awarded Mr. Kennedy a 10% permanent partial disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 22, 2016.

We disagree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The Office of Judges improperly applied West Virginia Code §23-4-1g, which states that if after weighing all the evidence there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters, the resolution most consistent with the claimant's position will be adopted. While Dr. Bachwitt and Dr. Mukkamala have seemingly

2

identical recommendations regarding an impairment rating, they do not merit identical evidentiary weight. Dr. Mukkamala stated in his independent medical evaluation that he did not find any errors in Dr. Bachwitt's impairment rating, noting that the only difference was that Dr. Bachwitt chose to apportion the impairment while Dr. Mukkamala chose not to apportion the impairment. It remains unclear what the true extent of Mr. Kennedy's pre-existing conditions are in relation to his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded for further development of the evidence regarding the extent of Mr. Kennedy's pre-existing conditions in relation to his compensable injury.

Reversed and Remanded.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker